# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-61V
UNPUBLISHED

|  |  |
|---|---|
| GEOFFREY MILLER, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: October 10, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald C. Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 5, 2021, Geoffrey Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury from a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on July 30, 2020. ECF No. 1.

On October 6, 2023, Petitioner filed a motion for a decision dismissing the petition. ECF No. 44. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

### Relevant Procedural History

Petitioner did not file any supporting documentation with the petition. The PAR Initial Order required Petitioner to file additional statutorily required documents. ECF No. 5. On April 16, 2021, Petitioner first filed medical records and continued to submit additional records until June 10, 2022. Petitioner did not file the statutorily required affidavit.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 5, 2023, Petitioner counsel filed a status report indicating that he could not proceed with Petitioner's vaccine claim based on his review of the medical records. ECF No. 42. Counsel stated that he had advised Petitioner of this decision, and Petitioner informally advised that he did not want to continue with his claim.

On October 6, 2023, Petitioner filed a motion for a decision dismissing the petition stating that, "Petitioner's counsel has fully evaluated petitioner's claim, and determined that counsel is unable to continue representing petitioner in this matter." ECF No. 44 at 1. Counsel indicated that Petitioner had provided him with written confirmation of his consent to dismiss the case. *Id.* at 1 n.1.

### Grounds for Dismissal

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines, or 2) that the vaccinee suffered an injury not on the Table that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged a Table claim, i.e., that his shoulder injury was caused by the Tdap vaccination.

After review of the medical records by his counsel, Petitioner indicated that the records do not support his vaccine claim and has requested dismissal. Additionally, Petitioner has not submitted an affidavit addressing the requirements of § 11(c)(1), to include the lack of or disposition of any prior civil action and any prior awards related to Petitioner's alleged vaccine injury.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."